IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MEGAN NEWBURN,                          )
                                        )
        Plaintiff,              )
                                        )
vs.                                     )   Civil No.  13-cv-1265-CJP
                                        )
NANCY A. BERRYHILL,                     )
Acting Commissioner of Social           )
Security,                               )
                                        )
        Defendant.[1]

## MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act. **(Doc. 39).** Defendant filed a response in opposition at Doc. 42, plaintiff filed a reply at Doc. 43.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified. The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  See, *Casey v. Berryhill*, __ F3d. __, 2017 WL 398309 (7th Cir. Jan. 30, 2017).  She is automatically substituted as defendant in this case. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g).

1

pursuant to sentence four of 42 U.S.C. §405(g). Plaintiff is, therefore, the prevailing party. **See, Shalala v. Schaefer, 509 U.S. 292, 302 (1993).**

In her response to the motion, the Commissioner argues the Court should not award fees because the hours for which she seeks payment were not reasonably expended. She concedes that the rate of $191.27 is fair and waives the argument that her position was substantially justified. The Commissioner contends that the Court should allow plaintiff to recover fees for 40.77 hours of work and deny the remaining 26.06 hours.

Plaintiff contends the number of hours her counsel and his support staff expended on the case, approximately 70.08, is reasonable and the court has the discretion to award fees for those hours. There is no *per se* rule for capping hours, instead the Court must analyze if the hours are "reasonably expended." It is an attorney's responsibility to use "billing judgment" because "hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." **Hensley v. Eckerhart, 461 U.S. 424, 433–434 (1983).** To determine if hours are reasonably expended, factors like novelty and difficulty of the questions, the skill required to perform the legal service, and the customary fee are taken into consideration. **Id. at 434.**

The Commissioner is correct that plaintiff's counsel routinely raises the issues he raised in this case in other Social Security cases. However, this does not support the idea that plaintiff's counsel put little or no work effort into this case. Further, classifying a case as typical does not mean plaintiff is not entitled to fair compensation for the time her attorney spent advocating on her

2

behalf.

The Commissioner admits the transcript was long but she stated that a significant portion of the transcript pertained to a period of time during which the ALJ found plaintiff to be disabled. She infers that plaintiff's counsel did not need to spend time analyzing the records after the date of disability. The Court here found that the ALJ's decision that plaintiff was disabled on a certain date was illogical. Further, the Commissioner referred to plaintiff's condition after the alleged onset date within her support for the ALJ's position. The idea that plaintiff's attorney should not have spent time reviewing those records is irrational.

The Commissioner also contends plaintiff did not "start from scratch" and used arguments presented first to the Appeals Council within her brief to this Court. As plaintiff notes, she refers to three points within plaintiff's briefs, but fails to note the changes within the brief regarding content and scope.

The Commissioner argues that the sum sought by plaintiff is significantly outside the norm for cases brought by this Court. The Court notes that 70.08 hours is not completely outside the realm of reasonableness for a social security disability case. ***See, e.g., Porter v. Barnhart*, No. 04 C 6009, 2006 WL 1722377, at 4 (N.D. Ill. June 19, 2006) (awarding 88.2 hours of attorney's fees)**. And while the Court notes that 70.08 hours is considered to be on the "high end of the range of hours that courts within this circuit have considered reasonable for social security appeals." **Schulten v. Astrue, 2010 WL 2135474, at \*6 (N.D.Ill.2010)**. However, as plaintiff's counsel notes, there

3

are many cases where comparable or greater have been awarded.[2]

The evidentiary record in this case was over 1100 pages long, and plaintiff's counsel spent 16 pages addressing the nature and scope of the evidence as it related to the ALJ's decision. Plaintiff's counsel claims he spent 40.25 hours drafting the motion for summary judgment and supporting memorandum. This is understandable considering he did not also claim additional time spent analyzing the record. Further, spending 4.83 hours on the EAJA brief is logical since plaintiff had to obtain affidavits from other attorneys, research, draft, and submit the brief.

The Commissioner then argues that plaintiff's opening brief exceeded the twenty page limit allowed by the local rules. As a result, she requests that the Court disallow one-quarter of the hours spent preparing the brief. The Court agrees with plaintiff that the reduction is inappropriate with respect to the

---

[2] *Claiborne ex rel. L.D. v. Astrue*, 877 F. Supp. 2d 622, 624 (N.D. Ill. 2012), where the hourly time spent by the attorney was not contested (Plaintiff has submitted invoices showing that her attorneys worked a total of 73.1 hours, including time spent preparing the fee petition and reply brief. Specifically, Barry Schultz worked 24.6 hours; Lauren Rafferty worked 35.9 hours; and Julie Coen worked 12.6 hours. Two legal assistants worked an additional 1.3 hours.) (Doc. 45–3; Doc. 49, at 15 n. 10); *Bias v. Astrue*, 11 C2247, 2013 WL 615804, *1 (N.D. Ill. Feb. 15, 2013) (Plaintiff has submitted an "EAJA Itemization of Time" showing that his counsel worked a total of 64 hours. The legal assistants worked an additional 1.9 hours); *Spaulding vs. Astrue*, 08 C 2009, 2011 WL 1042580, *3 (N.D. Ill. Mar. 22, 2011) (55 hours of attorney time at a rate of $170 an hour ($9,350), and 2.7 hours of legal assistant time at a rate of $85 an hour ($229.50); *Scott v. Astrue*, 08 C 5882, 2012 WL 527523, *5 (N.D. Ill. Feb. 16, 2012)(59.6 hours in the district court for Ms. Scott's initial claim held to be proper); *Schulten v. Astrue*, 08 C 1181, 2010 WL 2135474, *6 (N.D. Ill. May 28, 2010) "The requested number of hours—48.75— is within the permissible range for cases like this, which is, generally speaking, 40 to 60 hours. See *Nickola v. Barnhart*, 2004 WL 2713075, *2 (W.D.Wis. Nov.24, 2004)(roughly 60 hours of combined law clerk and attorney time it took to produce plaintiff's briefs was not excessive); *Holland v. Barnhart*, 2004 WL 419871, *2 (N.D.Ill. Feb.3, 2004)(56.85 hours devoted to the preparation of "three briefs, totaling 48 pages" not unreasonable); *Anderson v. Barnhart*, 2006 WL 4673476, *5 (N.D.Ill. Feb.9, 2006)(38.9 hours spent on brief and reply "unextraordinary"); *Cuevas v. Barnhart*, 2004 WL 3037939, *2 (N.D.Ill.2004) (56.5 hours of attorney work found reasonable); *Taylor v. Barnhart*, 2004 WL 1114783, *3 (N.D.Ill. May 14, 2004) (51 hours of attorney work found reasonable).

history of the case and this Court's past practices with regard to social security cases. The Commissioner did not object to the length of the brief when it was initially filed and her attempt to do so now fails.

Finally, the Commissioner argues that the Court should decline to award plaintiff fees for the reply briefs submitted by plaintiff. At the same time, plaintiff argues that she should receive an additional $1,099.80 (5.75 hours) for time spent replying to the Commissioner regarding attorney's fees. Plaintiff was allowed to file her reply to the initial briefings and, again, the Commissioner had no problem with that at the time. Plaintiff was allowed to proceed with her reply arguments and her attorney's time doing so can be compensated. However, the Court notes that 5.75 hours replying to the Commissioner's reply to attorney's fees seems excessive. Plaintiff was not required to file a reply for the merits of the motion to be reviewed. Plaintiff did have to do some additional research for novel points argued by the Commissioner within her reply, but 5.75 hours is extensive. The Court believes that half that amount of time (2.88 hours) at $191.27 ($550.86) is adequate compensation for the time spent on the reply.

For the reasons discussed above, plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (**Doc. 39) is GRANTED.**

The Court awards attorney's fees in the amount of $13,344.64 (thirteen thousand three hundred and forty-four and sixty-four cents)($12,793.78 + 550.86).

The amount awarded is payable to plaintiff and is subject to set-off for

any debt owed by plaintiff to the United States, per ***Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).** However, any amount that is not used to satisfy an outstanding debt shall be made payable to plaintiff's attorney.

**IT IS SO ORDERED.**

**DATE:  March 30, 2017**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
